```
Law Offices of P. Randall Noah
P. Randall Noah, SBN 136452
21 Orinda Way, Suite C, #316
Orinda, CA 94563
Email: pnoah@ix.netcom.com
Tel. (925) 253-5540
Fac. (925) 253-5542
Attorney for Plaintiff,
Kevin Ryan
```

UNITED STATES DISTRICT COURT,

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN RYAN, | CASE NO. |
| Plaintiff, | COMPLAINT |
| | 29 USC §1132(a)(1)(B) |
| vs. | |
| ANTHEM INSURANCE COMPANIES, INC., | |
| Defendant. | |

PLAINTIFF, KEVIN RYAN, ALLEGES AS FOLLOWS:

**JURISDICTION**

1.  This action arises under the Employee Retirement Income Security Act of 1974, 29 USC §§1001 et seq., and more particularly 29 USC §1132(a)(1)(B) thereof.  This Court has jurisdiction under 29 USC §1132(f), which grants to the federal courts concurrent jurisdiction to determine claims under 29 USC §§1001 et seq.

2.  Venue is proper under 29 USC §1132(g) in that the breach described below occurred within the territorial

limits of the above-titled court, and defendant, Anthem, Insurance Companies, Inc. ("Anthem") does business in the Bay Area of Northern California.

3. Plaintiff, Kevin Ryan, is a resident of Walnut Creek, Contra Costa County, California.

4. Plaintiff is informed and believes that Defendant is an Indiana corporation, with its principal place of business in Indianapolis, Indiana.

**ALLEGATIONS CONCERNING RELIEF SOUGHT**

5. By the beginning of September, 2016, Mr. Ryan, then 50 years old, was experiencing such cognitive and behavioral difficulties that he could no longer work in his occupation as a Regional VP of Sales at Evariant, a position that required sharp cognitive and professional skills.  His company terminated his employment in September, 2016, due to plaintiff's cognitive difficulty. Plaintiff had the progressive dementia disease of behavioral variant frontotemporal lobar degeneration ("FTD") since at least the beginning of 2016, although not correctly diagnosed until 2019.  There is no cure for this disease, and no way to slow the progressive loss of cognitive functioning.  Mr. Ryan's treating physicians have determined he is disabled from his prior occupation, and any occupation, due to FTD, and this is confirmed by

defendant, although defendant contends the disease began January 1, 2017, several months after his employment and short term disability insurance terminated with his being fired from his job in September 2016.

6.  When plaintiff was forced to leave his work due to his progressive loss of cognitive functioning in September, 2016, there was in existence for Evariant employees, including the plaintiff, a short term disability insurance plan through Anthem and administered by Anthem.

7.  The short term disability insurance plan was to provide disability payments to any employee covered by the plan, including plaintiff, who suffered a total disability from their occupation, and then continue as long term disability benefits after short term benefits ended.

8.  Plaintiff's progressive loss of cognitive functioning due to FTD led to a total disability from his occupation as the Regional VP of Sales, as determined by his medical doctors.  While plaintiff rapidly lost the ability to communicate, through his wife, and as soon as reasonably possible, he applied for disability insurance benefits under the short term disability insurance plan administered by defendant in 2019 after being correctly diagnosed with FTD.  Plaintiff's application for benefits was based on the opinion of plaintiff's treating physician

Complaint

that he could not work in his former occupation or any occupation due to FTD, which his doctors believed began in 2016, confirmed by one of defendant's consulting doctors and also by the Social Security Administration.

9. Plaintiff's physician at University of California San Francisco stated that plaintiff was disabled by FTD in 2016, which would have so diminished his cognitive skills that he could not work, leading the Social Security Administration to award disability benefits from October 2016 forward.

10. After plaintiff applied for benefits under defendant's short term disability plan in 2019, disability benefits were denied by defendant who argued that plaintiff was not covered by the LTD policy when his disability began, which defendant contends was several months following his last day of employment (when he was terminated), although acknowledging plaintiff does have FTD. Plaintiff appealed defendant's decision in accord with the requirements of the disability insurance policy, and that appeal was denied by defendants.

11. The relevant portion of the policy at issue states:
"With regard to timely notice of claim, the STD policy states:

Notice of a claim must be given within 30 days after a covered loss starts, or as soon as reasonably possible. Written notice can be given to Us at Our Administrative Office or to Our agent.  Reference to a "loss" merely means that an event occurred or an expense was incurred for which a benefit is payable under the Policy."

    12.   Defendant breached its obligation under the short term disability plan by denying coverage for plaintiff's disability payments when plaintiff met all of the above criteria set forth in the definition of "Total Disability," arbitrarily relying on their own subjective determination of the onset of plaintiff's disability, contending that plaintiff was not in fact disabled until three months after his employment, and STD insurance, ended.

    13.   Plaintiff at all times herein mentioned has performed all the terms and conditions of the Anthem short term disability plan on his part to be performed.

    14.   As a proximate result of defendant's failure and refusal to perform its obligations under the short term disability plan, plaintiff has been compelled to retain counsel to protect his rights under the plan, incurring legal fees and costs that are recoverable pursuant to 29 USC §1145.

Complaint

WHEREFORE, plaintiff prays judgment against defendant as follows:

1. For compensatory damages;

2. For costs of suit herein;

3. For reasonable attorney fees paid by plaintiff pursuant to 29 USC §1145;

4. For pre-judgment interest;

5. For such other and further relief as the court may deem proper.

DATED: October 28, 2020

                              Law Offices of P. Randall Noah

                              By: /s/ P. Randall Noah

                              P. Randall Noah
                              Attorney for Plaintiff,
                              Kevin Ryan